United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MSP Recovery Claims, LLC, MSPA Claims 1, LLC, and MAO-MSO Recovery II LLC, Series PMPI, Plaintiffs,<br><br>v.<br><br>Metropolitan Gen Ins. Co., and others, Defendants. | )<br>)<br>)<br>)<br>) Civil Action No. 20-24052-Civ-Scola<br>)<br>)<br>)<br>) |

**Order on Motion to Dismiss**

This matter is before the Court upon the Defendants' motion to dismiss the Plaintiffs' first amended class complaint. For the reasons set forth below, the Court **grants** the Defendants' motion. (**ECF No. 26**.)

1. **Background**

This purported class action arises under the Medicare Secondary Payer ("MSP") provisions of the Medicare Act, 42 U.S.C. § 1395y, *et seq.* Plaintiff's amended class complaint against the Defendants is one of numerous similar actions that have been filed by the Plaintiffs and other related entities in district courts throughout the United States. These cases tend to involve similar sets of allegations, that the Plaintiff or one of its affiliates obtained an assignment from a Medicare Advantage Organization ("MAO") to try to recover money linked to payments made or costs incurred by such MAO for the medical treatment of their enrollees who were injured in accidents.

The MSP was enacted to combat the rising costs of Medicare. The MSP reformed the Medicare system such that Medicare and MAOs became secondary payers who would not bear the costs of medical procedures that were already covered by primary payers, i.e. other private insurance companies. Under the MSP, Medicare and MAOs could still make "conditional payments" to cover the medical bills of their beneficiaries where a primary payer, such as the Defendants, could not be expected to remit prompt payment. Where Medicare or a MAO "has made a conditional payment, and the primary payer's 'responsibility for such payment' has been 'demonstrated,' as by a judgment or settlement agreement, the primary payer is responsible to reimburse Medicare or the MAO within 60 days." *See MSP Recovery Claims, Series LLC v. Ace Am. Ins. Co.*, 974 F.3d 1305, 1309 (11th Cir. 2020). When a primary payer fails to remit such payment, Medicare can seek double damages

from the primary payer under the MSP's right of action for the government. *Id.* Assignees of MAOs, likewise, can seek double damages under the MSP's private right of action. *Id.*

Here, the Plaintiff alleges that the Defendants, as primary payers, have "systematically and uniformly failed to honor their primary payer obligations" under the MSP by failing to pay or reimburse Medicare MAOs for medical expenses "resulting from injuries sustained in automobile and other accidents" that "were paid by Medicare Advantage Organizations." (ECF No. 10, at ¶ 1.) The Plaintiffs state that they utilize a "proprietary system" that matches health care claims data from their assignors to data from the Centers for Medicare & Medicaid Services ("CMS"), police crash and incident reports, and data from primary payers, to identify instances where a primary payer failed to honor their obligations under the MSP. (ECF No. 10, at ¶ 8.) The Plaintiffs claims to have used their proprietary system to identify "multiple instances in which Plaintiffs' Assignors made conditional payments for accident-related medical expenses which should have been paid and/or reimbursed by Defendants." (ECF No. 10, at ¶ 53.) The Plaintiffs provided, as Exhibit A to their amended complaint, a list of claims that were identified by the Plaintiffs' data analysis. (ECF No. 10, at ¶ 55.) Unlike complaints filed in other similar lawsuits, the Plaintiffs do not provide a specific exemplar in their complaint showing an example of an instance or instances where a MAO made payments, together with the amount of those payments, for which the Defendants would have allegedly been responsible. Rather, it appears the Plaintiffs rely exclusively on their Exhibit A to their complaint.

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Analysis

In their motion to dismiss, the Defendants argue, among other things, that the Court should dismiss this matter with prejudice under Federal Rule 41(a)(1)(B)'s "two dismissal rule," or alternatively, because the Plaintiffs' failed to "demonstrate" that the Defendants had a responsibility to make a payment under the MSP. (ECF No. 26.)

The Court turns first to the Defendants' second argument, that the Plaintiffs have failed to state cognizable claims under the MSP. In response to this argument, the Plaintiffs argue that they have adequately alleged Article III standing in their first amended complaint (ECF No. 34, at 8), though the Defendants note that they are not challenging the Plaintiffs' standing, but rather, whether the Plaintiffs have adequately alleged that the Defendants had a "demonstrated" responsibility to pay under the MSP. (ECF No. 37, at 4.) Specifically, the Defendants note that an MAO's assignor "may avail itself of the [MSP's] private cause of action . . . so long as (1) responsibility has been 'demonstrated,' . . . and (2) the MAO [or its assignor] is suing a primary plan." *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, 950 F.3d 764, 771 (11th Cir. 2020). Responsibility can be "'demonstrated,' among other ways, through a judgment or . . . a settlement agreement . . . [b]ut until responsibility is demonstrated, the 'obligation to reimburse Medicare does not exist' and, in the case of an MAO [or its assignor], a private cause of action will not lie." *Id.* at 774. The Plaintiffs state that their Exhibit A "identified numerous instances where Defendants admitted, by reporting to CMS, that they were obligated . . . to provide primary payment." (ECF No. 10, at ¶54.) The Defendants, in turn, argue that "just because Defendants reported a claim to CMS does not demonstrate Defendants' responsibility for any particular expense" so the Plaintiffs' exhibit "is nothing more than a list of names." (ECF No. 26, at 8.)

In *MSP Recovery Claims, Series LLC v. Amerisure Insurance Company*, the Court recently had an opportunity to consider claims raised in a substantially similar complaint against similarly situated defendants where the plaintiffs attempted to plead causes of action under the MSP by, as here, relying on a "sample list" of instances in an exhibit attached to the complaint. No. 17-23961-Civ, No. 20-24077-Civ, 2021 WL 358670, at *2 (S.D. Fla. Feb. 1, 2021). The Court found that the *Amerisure* plaintiffs failed to state cognizable claims under the MSP by relying on its exhibit, stating:

> Exhibit A may not serve as a substitute for factual allegations. Plaintiffs rely on exemplars and assignments to establish standing in Exhibit A; yet, there are no factual allegations in the [c]omplaint[] of an instance (or representative example) illustrating Plaintiffs' assignors suffered an

>injury in fact. Despite having 'additional information regarding the Medicare beneficiaries references on Exhibit A,'[1] Plaintiffs do not identify any beneficiary, insurance policy, medical expense, unreimbursed conditional payment, or any specific Defendant responsible for payment under the MSP Act in the [c]omplaint[]. . . . Simply providing an unclear exhibit that lists assignors in coded language, insurance companies, and purported beneficiaries is not enough.

*Id.* at *3. The Court sees no reason to depart from *Amerisure*. While the deficiencies identified in *Amerisure* were considered in the context of standing arguments, the decision is instructive nonetheless as the Court finds that the instant complaint suffers from similar pleading deficiencies which are fatal to the Plaintiffs' claims. The Court agrees with the Defendants that the Plaintiffs' amended complaint "does not include any facts whatsoever related to any enrollee, the amount charged to Plaintiffs' assignors or amounts they supposedly paid, what exactly such payments were for, what treatment was provided, what exactly was supposedly covered and not paid by Defendants, or what coverage determinations were made by the Defendants." (ECF No. 26, at 8.) Absent such information, the pleading fails to state cognizable claims as it is completely devoid of non-conclusory factual allegations that would allow the Court or the Defendants to determine whether the Plaintiffs have stated cognizable claims under the MSP, specifically whether the Plaintiffs have "demonstrated" a responsibility by any of the Defendants to make payments under the MSP. Accordingly, the Court agrees with the Defendants that the complaint must be dismissed.

### 4. Conclusion

The Court therefore **grants** the Defendant's motion to dismiss the Plaintiff's first amended class complaint as the Plaintiff has failed to state cognizable claims under the MSP. (**ECF No. 26**.) The Court **denies** any pending motions, if any, **as moot**. The Clerk is directed to **close** this case.

Furthermore, the Court denies the Plaintiffs' request for leave to amend, inserted, as an afterthought, at the end of their opposition to the Defendants' motion: the request is both procedurally defective and lacking in substantive support. *See Newton v. Duke Energy Florida, LLC,* 895 F.3d 1270, 1277 (11th

---

[1] The Court notes that the Plaintiffs make an identical allegation here. (*See* ECF No. 10, at ¶ 55 n.9 (Noting Plaintiffs have "[a]dditional information regarding the Medicare beneficiaries referenced on Exhibit A."). The Court acknowledged in *Amerisure* that HIPPA forbids plaintiffs from pleading certain information, but stated the plaintiffs there, as here, "are more than capable of alleging facts to support their claims without violating HIPPA." *Amerisure*, 2021 WL 358670, at *3 n.4.

Cir. 2018) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly."); *Avena v. Imperial Salon & Spa, Inc.*, 740 Fed. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.") (noting also that "a motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment") (cleaned up).

**Done and ordered**, in Miami, Florida, on March 2, 2021.

‎_____
Robert N. Scola, Jr.
United States District Judge