United States District Court
for the
Southern District of Florida

| | |
|---|---|
| MSP Recovery Claims, LLC, MSPA Claims 1, LLC, and MAO-MSO Recovery II LLC, Series PMPI, Plaintiffs, <br><br>v. <br><br>Metropolitan Gen Ins. Co., and others, Defendants. | Civil Action No. 20-24052-Civ-Scola |

### Order On Motion To Reconsider

This matter is before the Court upon the Plaintiffs' motion to reconsider the Court's order granting the Defendants' motion to dismiss. (ECF No. 39.)

The decision to grant or deny a motion for reconsideration is committed to the district court's sound discretion. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (reviewing reconsideration decision for abuse of discretion). Reconsideration is appropriate only in very limited circumstances, such as where "the Court has patently misunderstood a party, where there is an intervening change in controlling law or the facts of a case, or where there is manifest injustice." *See Vila v. Padron*, 2005 WL 6104075, at *1 (S.D. Fla. Mar. 31, 2005) (Altonaga, J.). "Such problems rarely arise and the motion to reconsider should be equally rare." *See id.* (citation omitted). To obtain reconsideration, "the party must do more than simply restate its previous arguments, and any arguments the party failed to raise in the earlier motion will be deemed waived." *See id.* "[A] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.).

In their motion, the Plaintiffs state that it was error for the Court to dismiss the Plaintiff's amended complaint with prejudice. In support of their motion, the Plaintiffs advance three arguments. First, they argue that they can state a claim for relief under the Medicare Secondary Payer Act ("MSP"), 42 U.S.C. § 1395y(b)(3) and filed a proposed second amended complaint with their motion. In their motion, the Plaintiffs state their belief that the proposed second amended complaint would withstand a motion to dismiss and therefore they should be given the opportunity to amend their complaint. Second, the Plaintiffs state that because the Court relied on *Amerisure* where Judge Altonaga dismissed a similar complaint for lack of standing, the Court's dismissal should

be without prejudice consistent with the *Amerisure* decision. Finally, the Plaintiff states that, because the Court found *Amerisure* persuasive, that the Court should follow the approach taken by Judge Altonaga and give the Plaintiffs an opportunity to amend their complaint.

  The Court begins by taking the Plaintiffs' first and third arguments together. The Plaintiffs fail to advance any persuasive arguments that the Court should reconsider its decision to dismiss the Plaintiffs' amended complaint without leave to amend. As the Court stated in its order, the Plaintiffs requested leave to amend "as an afterthought, at the end of their opposition to the Defendants' motion" and the request was therefore "both procedurally defective and lacking in substantive support" under Eleventh Circuit Precedent. (ECF No. 38, at 4-5.) The Defendants' motion to dismiss put the Plaintiffs on notice of their amended pleading's shortcomings. At that point, the Plaintiffs had a choice: stand on their pleadings and oppose the motion to dismiss, or request leave to amend to address the pleading's flaws. As a tactical decision, the Plaintiffs chose to oppose the motion and lost. The Court will not now afford the Plaintiffs another bite at the apple where they declined "to follow the well-trodden procedural path toward amendment." *Eiber Radiology, Inc. v. Toshiba Am. Med. Sys., Inc.*, 673 Fed. App'x 925, 930 (11th Cir. 2016). While it is certainly true that our legal system favors the resolution of cases on their merits, that rule is not without limits. Especially where, as here, the Plaintiffs' own strategic decisions dictated the course of this litigation. Here, the Plaintiffs reviewed the Defendants' motion to dismiss, vigorously opposed it, and then sat back and waited to see if the Court would let their amended pleading stand. Almost a month after the Court issued its order, the Plaintiffs suddenly came up with a litany of new alleged facts and supporting documents that they claim will fix their pleading's deficiencies and filed the instant motion. They do not argue that this information was otherwise unavailable to them before the Court entered its order. The Plaintiffs had every opportunity to fix the deficiencies the Defendants identified prior to the Court's careful and thorough review. The Plaintiffs should have taken their best shot from the get-go and not waited for the Defendants and the Court to have worked through their pleading before bothering to inform all involved that the Plaintiffs in fact had a better pleading in their quiver, in case things went badly for them. At bottom, this delay was a tactical choice that does not warrant leave to amend.

  The Court now turns to the Plaintiffs' request that the Court reconsider its dismissal of the Plaintiffs' claims with prejudice. The Court declines to do so and the arguments advanced by Plaintiffs do not warrant reconsideration. As the Court stated in its order, the Defendants challenged the Plaintiffs' amended complaint on the grounds that the Plaintiffs' allegations failed show that the

Defendants had a demonstrated responsibility to make a payment under the MSP, not on standing in grounds. (ECF No. 38, at 3.) Despite any lack of argument to the contrary, the Plaintiffs themselves affirmatively argued that they adequately alleged standing in their complaint, devoting almost four and a half pages of their brief to those arguments. (ECF No. 34, at 8-13.) The Court finds it curious that the Plaintiffs now ask the Court to reach the conclusion, despite the Plaintiffs' arguments to the contrary, that its order was based on a lack of standing, when it was not, to escape a dismissal with prejudice.

As the Court noted in its order, the Eleventh Circuit has stated that a plaintiff can demonstrate a responsibility to pay under the MSP "through a judgment or . . . a settlement agreement . . . [b]ut until responsibility is demonstrated, the 'obligation to reimburse Medicare does not exist' and . . . a private cause of action will not lie." *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, 950 F.3d 764, 771 (11th Cir. 2020). The Court relied upon Judge Altonaga's *Amerisure* decision for the proposition that the Plaintiffs may not, as they attempted to do, rely on an exhibit "as a substitute for factual allegations." (ECF No. 38, at 3 (quoting *MSP Recovery Claims, Series LLC v. Amerisure Ins. Co.*, No. 17-23961-Civ, No. 20-24077, 2021 WL 358670, at *2 (S.D. Fla. Feb. 1, 2021).) The Court agreed with the Defendants that the Plaintiffs' amended complaint was devoid of any non-conclusory factual allegations showing the Plaintiffs had a demonstrated responsibility to pay under the MSP, and therefore the Plaintiffs' failed to adequately allege a viable cause of action, consistent with Eleventh Circuit precedent. (ECF No. 38, at 4.)

In sum, the Court **denies** the Plaintiff's motion to reconsider. (**ECF No. 39**.)

**Done and ordered**, in Miami, Florida on April 15, 2021.

Robert N. Scola, Jr.
United States District Judge