United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| MSP Recovery Claims, LLC, MSPA Claims 1, LLC, and MAO-MSO Recovery II LLC, Series PMPI, Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | |
| Metropolitan General Insurance Co., Metropolitan Casualty Insurance Co., Metropolitan Group Property & Casualty Insurance Co., MetLife Auto & Home Group, and Metropolitan P&C Insurance Co., Defendants. | ) ) ) ) ) ) ) ) | Civil Action No. 20-24052-Civ-Scola |

## Order

This matter is before the Court upon the Defendants' motion to dismiss the second amended complaint (the "SAC"). (**ECF No. 52**.) It has been fully briefed and is ripe for review. (*See* ECF Nos. 52, 57, 60.) As set forth below, the Court **partially grants** the motion, hereby dismissing the SAC but granting the Plaintiffs leave to further amend within **twenty days** of this Order.

This putative class action arises under the Medicare Secondary Payer provisions of the Medicare Act, 42 U.S.C. § 1395y, *et seq.* The Plaintiffs claim to have used their proprietary system to identify "multiple instances in which Plaintiffs' Assignors made conditional payments for accident-related medical expenses which should have been paid and/or reimbursed by Defendants." (SAC ¶ 52, ECF No. 50.) Unlike complaints they have filed in similar lawsuits, the Plaintiffs do not provide a specific exemplar in the SAC of an instance where a Medicare Advantage Organization ("MAO") made payments for which the Defendants would have allegedly been responsible. Rather, the Plaintiffs rely exclusively on Exhibit A to their complaint, which provides non-specific data concerning the underlying insurance claims they sue on.

The Plaintiffs' failure to set forth specific exemplars of alleged instances in which the Defendants did not extinguish their liabilities serves as the crux of the Defendants' motion to dismiss. The Defendants argue that although the exhibit may be used to allege their purported responsibilities to the Plaintiffs, *id.* at 1305, the exhibit does *not* suffice to show that the Defendants actually failed to extinguish those liabilities. The result, they say, is that the Plaintiffs

do not establish their standing because they do not adequately allege an injury-in-fact. The Court agrees.

To establish Article III standing, a "plaintiff must show that it (1) suffered an injury-in-fact (2) that is fairly traceable to the defendant's conduct and (3) is redressable by a favorable judicial decision." *MSPA Claims 1, LLC v. Tenet Florida, Inc.*, 918 F.3d 1312, 1317 (11th Cir. 2019). "An injury-in-fact must be both (1) particularized ('affect the plaintiff in a personal and individual way') and (2) concrete ('real, and not abstract')." *Tenet Florida*, 918 F.3d at 1318 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548–49 (2016)).

It is true that "general factual allegations" *may* establish injury "but that is not a free pass—these general factual allegations must *plausibly* and *clearly* allege a concrete injury. [M]ere conclusory statements do not suffice." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 924 (11th Cir. 2020) (emphasis added) (cleaned up). The SAC certainly contains the Plaintiffs' repeated accusations of the Defendants' general failure to extinguish their liabilities, but nowhere in it is there a clear example of such a failure. Indeed, that is crucial because a primary plan's "failure to make primary payment or to reimburse the MAO [is what] causes . . . an injury in fact under Article III." *MSP Recovery Claims, Series LLC v. Tower Hill Preferred Ins. Co.*, No. 20-CV-262-AW-GRJ, 2021 WL 8533679, at *2 (N.D. Fla. July 13, 2021) (citing *Humana Med. Plan, Inc. v. W. Heritage Ins. Co.*, 832 F.3d 1229, 1238 (11th Cir. 2016)).

Instead of clearly setting forth at least one example of a purported injury, the Plaintiffs' SAC relegates the Court to a matching exercise that requires it to cross-reference a 36-page appendix that lists dozens of purported assignors with the six pages of tiny-sized font that comprise Exhibit A.

In a concurrence accompanying the Eleventh Circuit's earlier Opinion in this case, Judge Jordan described Exhibit A as follows:

"Exhibit A identifie[s] the beneficiaries not by name, but by reference to MSP Recovery Member IDs that the defendants would not be privy to or be able to check or reference. Second, Exhibit A list[s] a 'contract' or 'plan' number for the beneficiary, but that number could have been a group plan with many members. Third, Exhibit A provide[s] the name and address of the insurer for each beneficiary, but that information would not have helped the defendants figure out what was being alleged as to each beneficiary. Fourth, Exhibit A ha[s] a line item for 'insurance type,' such as 'other liability insurance is primary,' but without more that would have done little to apprise the defendants of the details concerning their alleged liability under the MSPA . . . To make matters worse, Exhibit A d[oes] not contain any dollar values for any of the claims

> related to the beneficiaries. Nor d[oes] Exhibit A contain any dates for
> any of the claims. These omissions ma[k]e it even harder to figure out
> what each defendant's alleged liabilities [are] based on."

*MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1308
(11th Cir. 2022) (Jordan, J.) (concurring). The exhibit's unhelpfulness is clear.

    As Judge Winsor in the Northern District of Florida put it, "[t]here is
nothing intuitive about interpreting this table to show an injury. The table
doesn't show that an MAO made a conditional payment. If one was made, there
is no information about the payment—what it was for, the amount, or on
whose behalf it was made." *Tower Hill*, 2021 WL 8533679, at *2. Further, the
database from which the Plaintiffs assembled Exhibit A pulls from data
reporting that "is sometimes [done] for coordination purposes when there is no
underlying claim . . . [such that] not every instance of reporting confirms a
claim or reimbursement owed." *Id.* at *2 n.3.

    The Court "will not imagine or piece together an injury sufficient to give
[a] plaintiff standing when it has demonstrated none[.]" *Muransky*, 979 F.3d at
925. As such, the Court finds that the Plaintiffs' allegations fail to nudge their
injury "claims across the line from conceivable to plausible." *Bell Atl. Corp. v.
Twombly*, 550 U.S. 544, 570 (2007). All that is truly before the Court are
"unadorned, the-defendant[s]-unlawfully-harmed me accusation[s]," paired
with a "see attached" reference to an amalgamation of data that fails to clearly
set forth any injuries at all. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

    The Court **partially grants** the Defendants' motion (**ECF No. 52**) and
hereby dismisses the SAC but grants the Plaintiffs leave to file a third amended
complaint within **twenty days** of this Order. That complaint should include, for
each Plaintiff, at least one specific exemplar of a payment allegedly owed to it
by each Defendant that it purports to state a claim against.

    And while in the realm of housekeeping: the Court expects the third
amended complaint to remediate certain additional points that the Defendants
have raised in their motion. It seems that the Plaintiffs' *en masse* business
model has played into their pleadings. Apparently, Appendix 2 of the SAC,
which purports to list the Plaintiffs' assignors, contains dozens of entities that
are not listed in Exhibit A. For example, Policlinica General de Coamo C.S.P.
and Policlinicas Medicas Asociadas, Inc. are both listed as assignors but
appear nowhere in Exhibit A. (SAC ¶¶ 98-99.)

    Appendix 2 is superfluous to the extent it includes entities that are
irrelevant to this suit. The third amended complaint must be tailored to the
facts that the Plaintiffs purport to allege. To the extent the Plaintiffs have listed
assignors in their Appendix 2 that *may or may not* have been related to the

insurance claims underlying this suit, they are inappropriately included. Indeed, the Plaintiffs cannot logically state *plausible* allegations on behalf of assignors that they *speculate* to have been assigned relevant claims from.

And relatedly, because an assignee only has standing to sue where its *ultimate* assignor has suffered an injury-in-fact and has validly assigned its claim, *see MSP Recovery Claims, Series LLC v. QBE Holdings, Inc.* 965 F.3d 1210, 1217 (11th Cir. 2020), any claims asserted on behalf of non-MAO downstream entities should establish the traceability of the purported injuries to those non-MAO entities and, of course, the Plaintiffs.

**Done and ordered** in Miami, Florida, on January 12, 2023.

Robert N. Scola, Jr.
United States District Judge